IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                          No. 4:06CR00082-05 JLH

JACKIE E. PORCHAY

**OPINION AND ORDER**

Jackie E. Porchay filed a motion for attorney's fees pursuant to Rule 47 of the Federal Rules of Criminal Procedure. In that motion, Porchay asserts that the Government's case against her was frivolous, in bad faith, and vexatious. Porchay argues that she is therefore entitled to attorney's fees and expenses pursuant to the Hyde Amendment, Pub. L. No. 105-119, 111 Stat. 2440, 2519 (1997). The Government responds that Porchay is not entitled to attorney's fees and expenses because it had probable cause to support the indictment against Porchay. For the following reasons, Porchay's motion for attorney's fees and expenses is denied.

**I.**

In the 1997 Hyde Amendment, Congress authorized federal courts to "award to a prevailing party [in a criminal case], other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust." Pub. L. No. 105-119, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes); *see also United States v. Gilbert*, 198 F.3d 1293, 1299-1303 (11th Cir. 1999) (discussing the Hyde Amendment's legislative history).

> From the plain meaning of the language Congress used, it is obvious that a lot more is required under the Hyde Amendment than a showing that the defendant prevailed at the pre-trial, trial, or appellate stages of the prosecution. A defendant must show that the government's position underlying the prosecution amounts to prosecutorial

>misconduct – a prosecution brought vexatiously, in bad faith, or so utterly without foundation in law or fact as to be frivolous.

*Gilbert*, 198 F.3d at 1299. The prevailing party in the criminal proceeding bears the burden of showing that the Government's prosecution was either "vexatious, frivolous, or in bad faith." *See United States v. Bowman*, 380 F.3d 387, 391 (8th Cir. 2004).

Although the statute does not define "vexatious, frivolous, or in bad faith," other courts have supplied definitions of those terms. According to the caselaw, a position is "vexatious" for purposes of the Hyde Amendment if the criminal case was objectively deficient, i.e. it lacked either legal merit or factual foundation, and the "government's conduct, when viewed objectively, manifests maliciousness or an intent to harass or annoy." *United States v. Knott*, 256 F.3d 20, 29 (1st Cir. 2001). A position is "frivolous" when the position is "utterly without foundation in law or fact." *Bowman*, 380 F.3d at 390. A position is "in bad faith" if it is "not simply bad judgment or negligence, but rather . . . the conscious doing of a wrong because of dishonest purpose or moral obliquity. . . . [I]t contemplates a state of mind affirmatively operating with furtive design or ill will." *United States v. Isaiah*, 434 F.3d 513, 522 (6th Cir. 2006).

## II.

The Government does not dispute that Porchay is a "prevailing party" for purposes of the Hyde Amendment. The Government does argue, however, that Porchay's prosecution was neither vexatious nor frivolous nor in bad faith. Porchay has presented absolutely no evidence that the Government's prosecution of her was in bad faith. Porchay attempts to characterize the Government's failure to return "her property" as evidence of bad faith, but Porchay through her attorney previously represented to the Court on the record that she has no ownership interest in any of the property seized. The other evidence of bad faith Porchay offers – the Government's

indictment of her "paramour"[1] Harold Kelley and the Government's request that she testify against him; the Government's indictment of Jacquelyn Porchay instead of Jackie Porchay, a misnomer; its subsequent dismissal of that indictment; and the Government's determination after Porchay's proffer that her testimony was of "little value" to the Government – does not even begin to show "bad faith."

As for Porchay's allegation that the prosecution was vexatious and frivolous, both require a showing that the Government's position was "without foundation in law or fact." *Bowman*, 380 F.3d at 391; *see also Isaiah*, 434 F.3d at 519 (holding that if defendant is unable to show that the government's position was without probable cause, then "it is unnecessary to consider whether the government prosecuted [the defendant] to harass her"). Porchay has not made that showing.

Porchay was indicted for conspiring to distribute cocaine hydrochloride and for money laundering. The evidence presented by the Government in response to Porchay's motion to suppress demonstrated that the Government had ample grounds to believe that she committed both crimes. Porchay held title to a 2001 Chevrolet Monte Carlo that had been customized to secretly transport large quantities of cocaine and was being driven by Kelley, whom Porchay characterizes as her "paramour," when a traffic stop and a search resulted in the discovery of a crack pipe and crack cocaine in the purse of a passenger, $2,600 in the console, and $206,000 in three separate plastic bags in the trunk. Kelley admitted that he was en route to Dallas, Texas, to acquire cocaine and transport the cocaine to Little Rock for distribution. Kelley later pled guilty to conspiring to distribute cocaine.

Kelley and Porchay lived together at 10005 Bradley Drive. Subsequent to the above mentioned traffic stop during Kelley's trip to Dallas to obtain cocaine for distribution in Little Rock,

---

[1] This is Porchay's term. *See* Porchay's Reply to the Government's Response to her Motion for Attorney's Fees (Document #281), p. 7.

agents searched that residence. As the Court has previously held, there was probable cause to believe that evidence of illegal activity would be found at the residence of Kelley and Porchay.[2] Porchay was listed in public records as owning substantial property – including a new home in a nearby city, a 2000 Honda Accord, the Monte Carlo, a 2004 Cadillac Escalade, and a Suzuki motorcycle[3] – even though her reported income was slightly more than $13,000 per year. Kelley – who admitted to trafficking large quantities of cocaine and had possession of hundreds of thousands of dollars in cash – was not listed in public records as owning any property. In short, Porchay lived with Kelley who admittedly trafficked in cocaine, who used a vehicle that was titled in Porchay's name to transport cocaine, who possessed hundreds of thousands of dollars in cash, and who had no property titled in his name; while not only she reported little income – slightly more than $13,000 per year – but owned substantial assets. During the search of Porchay and Kelley's residence, agents not only found $208,600 in cash, they also found approximately 104.2 grams of marijuana, a .22 Magnum revolver, and a .45 caliber revolver, along with ammunition including .22 Magnum rounds, .40 caliber rounds, and 9mm rounds. They found a 9mm semi-automatic Beretta in the Honda. This evidence may or may not be sufficient to prove beyond a reasonable doubt that Porchay was guilty, but it is more than sufficient to show that the Government had reasonable grounds to believe that she was involved in the conspiracy to distribute cocaine with Kelley and that she participated in the laundering of the proceeds of that conspiracy.

---

[2] To the extent that Porchay argues that "[t]he Court never determined that probable cause existed" to search Porchay's house for evidence of illegal activity, she is just plain wrong. Document #150 at 12-13.

[3] At a hearing on Porchay's motion to return property, Porchay, through her attorney, denied that she owned the property that she was seeking to have returned. That property included the Honda and the Suzuki, the title to both of which was in her name.

Porchay, in arguing that the Government's case against her was without any foundation in fact or law, recycles many of the same arguments that she offered in her motion to suppress. The Court denied Porchay's motion to suppress. Although Porchay wishes that the Court had done otherwise, the Court has already determined, based on the evidence above, that the Government had probable cause to believe that evidence of the cocaine conspiracy and money laundering would be found at Porchay's house. In reviewing the evidence, the Court remains convinced that the Government had probable cause to search the residence that Porchay and Kelley shared.

## CONCLUSION

The indictment of Porchay was not vexatious, frivolous, or in bad faith. At the end of a bitterly contested case, the Government dismissed the indictment after the Court denied the Government's motion for continuance. The Government moved for a continuance because the Assistant United States Attorney responsible for this case had been ill and unable to prepare for trial. The Court denied the motion because a newly indicted co-defendant, Yolanda Summons, was an officer in the armed forces who was scheduled for deployment in Iraq and needed to have the case decided so that she and her unit would know her status before deployment. Awarding attorney's fees and expenses to Porchay would be unjust. Porchay's motion for attorney's fees and expenses is DENIED. Document #259.

IT IS SO ORDERED this 30th day of July, 2007.

J. Leon Holmes
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE